ROBERT K. CARROL, State Bar No. 81277
rcarrol@nixonpeabody.com
JOSHUA M. HENDERSON, State Bar No. 197435
jhenderson@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax: (415) 984-8300

Attorneys for Defendants
CLIFFORD GREGORY ESCOBAR,
CATHERINE JOY ESCOBAR, and
ESCOBAR & ESCOBAR CONCRETE CONSTRUCTION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; CEMENT MASONS VACATION/HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; and CEMENT MASONS APPRENTICESHIP AND TRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> vs. <br><br> CLIFFORD GREGORY ESCOBAR, individually, CLIFFORD GREGORY ESCOBAR, individually and doing business as. ESCOBAR & ESCOBAR CONCRETE CONSTRUCTION; CATHERINE JOY ESCOBAR, individually, CATHERINE JOY ESCOBAR, individually and doing business as ESCOBAR & ESCOBAR CONCRETE CONSTRUCTION; and ESCOBAR & ESCOBAR CONCRETE CONSTRUCTION, <br><br> Defendants. | Case No. 3:08-cv-02557-WHA <br><br> **ANSWER AND DEFENSES TO COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, BREACH OF FIDUCIARY DUTY, AND AUDIT (ERISA 29 U.S.C. § 1001, *et seq.,* 29 U.S.C. § 185)** <br><br> Complaint Filed: May 20, 2008 |

1    Defendants CLIFFORD GREGORY ESCOBAR, CATHERINE JOY ESCOBAR, and

2    ESCOBAR & ESCOBAR CONCRETE CONSTRUCTION (collectively, "Defendants") hereby

3    submit this answer and defenses to Plaintiffs' Complaint as follows:

## I.

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

6         This action arises under and is brought pursuant to section 502 of the Employee Retirement

7    Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor

8    Management Relations Act (LMRA) (29 U.S.C. § 185).  Venue properly lies in this district court

9    since contributions are due and payable in the County of San Francisco.  Therefore, intradistrict

10   venue is proper.

11        **RESPONSE TO COMPLAINT ¶ I:**

12        Defendants admit this action purportedly arises under the Employee Retirement Income

13   Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, and that the plaintiffs seek

14   alleged delinquent contributions under ERISA § 502, 29 U.S.C. § 1132, and under Section 301 of the

15   Labor Management Relations Act (LMRA), 29 U.S.C. § 185, but deny that any such contributions

16   are delinquent and/or due and owing from Defendants.  Defendants admit that venue is proper in this

17   Court, but deny the remaining allegations contained in paragraph I of the Complaint.

## II.

## PARTIES

21        At all times material herein, Plaintiffs the Board of Trustees, were Trustees of each of the

22   Plaintiffs Trust Funds.  At all times material herein, each of the above-named Trust Funds was, and

23   now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to

24   section 302 of the Labor Management Relations Act (29 U.S.C. § 186), and a multi-employer

25   employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002,

26   1003 and 1132).  Each of the above-named Trust Funds is administered by a Board of Trustees which

27   may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust

ANSWER AND DEFENSES TO COMPLAINT
CASE NO. 3:08-CV-02557-WHA

11070891.1

1 | Agreements.  All of the above named Trust Funds and their respective Board of Trustees shall

2 | hereinafter be designated collectively as "Plaintiffs".

3 | **RESPONSE TO COMPLAINT ¶ II:**

4 | Defendants admit the allegations contained in paragraph II of the Complaint.

5 | **III.**

6 | At all times material herein, Clifford Gregory Escobar, Individually; Clifford Gregory

7 | Escobar, Individually and doing business as Escobar & Escobar Concrete Construction; Catherine

8 | Joy Escobar, Individually, Catherine Joy Escobar, Individually and doing business as Escobar &

9 | Escobar Concrete Construction; and Escobar & Escobar Concrete Construction (hereinafter

10 | collectively referred to as "Defendants"), have been an employer within the meaning of section 3(5)

11 | and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting

12 | commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

13 | **RESPONSE TO COMPLAINT ¶ III:**

14 | Defendants admit the allegations contained in paragraph III of the Complaint.

15 | **IV.**

16 | **ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**

17 | At all relevant times, Defendants have been a member of the Associated General Contractors

18 | (hereinafter "AGC"), and by virtue of such membership, became subject to all the terms and

19 | conditions of the Cement Masons Master Labor Agreement (hereinafter "Master Agreement" or

20 | "Agreement").  A true and correct copy of the relevant Master Agreements are attached hereto as

21 | Exhibit "A" and Exhibit "B", and a true and correct copy of the relevant AGC roster page indicating

22 | representation and membership in the AGC is attached hereto as Exhibit "C", all of which are

23 | incorporated by reference herein.

24 | **RESPONSE TO COMPLAINT ¶ IV:**

25 | Defendants admit the allegations contained in paragraph IV of the Complaint.

26

27

28

-3-

ANSWER AND DEFENSES TO COMPLAINT
CASE NO. 3:08-CV-02557-WHA

11070891.1

**V.**

The above-mentioned Agreements provide for prompt payment of all employer contributions to the various Trust Funds and provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds, in the event of a breach by the employer, where it would have been impracticable or extremely difficult to ascertain the Trust Funds' losses at the time the Agreement was negotiated.

**RESPONSE TO COMPLAINT ¶ V:**

Defendants admit the allegations contained in paragraph V of the Complaint.

**VI.**

Said Agreements provide for prompt payment of all delinquent contributions to the various Trust Funds, and provide for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the applicable labor agreements and law.

**RESPONSE TO COMPLAINT ¶ VI:**

Defendants admit the Agreements referred to in the Complaint provide for the prompt payment of contributions to the various Trust Funds, and for the audit of the signatory employer as described, but deny the remaining allegations contained in paragraph VI of the Complaint.

**VII.**

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

**RESPONSE TO COMPLAINT ¶ VII:**

Defendants reiterate and incorporate by reference their responses to paragraphs I through VI of the Complaint as if fully set forth herein.

-4-

ANSWER AND DEFENSES TO COMPLAINT
CASE NO. 3:08-CV-02557-WHA

11070891.1

**VIII.**

Defendants have failed, neglected, or refused to make timely fringe benefit contributions as required by the collective bargaining agreements and Trust Agreements and there is now due and owing and unpaid to Plaintiffs contributions in the sum estimated to be at least $101,399.47, and liquidated damages in the amount estimated to be at least $8,867.81 for hours reported, but not paid, for the months of August 2007 and October 2007 through February 2008, and liquidated damages for hours reported and paid, but paid late, for the period of September 2005 through July 2007 in the amount estimated to be at least $12,836.64.

**RESPONSE TO COMPLAINT ¶ VIII:**

Defendants deny the allegations contained in paragraph VIII of the Complaint.

**IX.**

Plaintiffs are the intended third-party beneficiaries of the Agreement, but Trust Fund contribution delinquencies are excluded from the arbitration provisions of the Agreement.

**RESPONSE TO COMPLAINT ¶ IX:**

Defendants admit that Plaintiffs are the intended third-party beneficiaries of the collective bargaining agreement, but deny the remaining allegations contained in paragraph IX of the Complaint.

**X.**

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreement.

**RESPONSE TO COMPLAINT ¶ X:**

Defendants deny the allegations contained in paragraph X of the Complaint.

**XI.**

Plaintiffs are entitled to reasonable attorneys' fees, interest, and other reasonable expenses incurred in connection with this matter due to Defendants' failure and refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Labor Agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

ANSWER AND DEFENSES TO COMPLAINT
CASE NO. 3:08-CV-02557-WHA

11070891.1

**RESPONSE TO COMPLAINT ¶ XI:**

Defendants deny the allegations contained in paragraph XI of the Complaint.

## XII.

### SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT BASED ON AUDIT)

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

**RESPONSE TO COMPLAINT ¶ XII:**

Defendants reiterate and incorporate by reference their responses to paragraphs I through XI of the Complaint as if fully set forth herein.

## XIII.

Pursuant to the Master Agreement and the Trust Agreements, an audit of the books and records of Defendant for the period of January 2005 to September 2007 was conducted, which revealed that fringe benefit contributions to the Trust Funds have not been submitted as required by said agreements.

**RESPONSE TO COMPLAINT ¶ XIII:**

Defendants admit that an audit was conducted, but deny the remaining allegations contained in paragraph XIII of the Complaint.

## XIV.

Demand has been made of Defendant for payment of the amounts determined to be due and owing pursuant to the audit, and Defendant has refused to pay such amounts and there is now due, owing and unpaid to Plaintiff Trust Funds from Defendant, fringe benefits contributions, in the amount of $131,056.97 and liquidated damages in the amount of $53,226.74.

**RESPONSE TO COMPLAINT ¶ XIV:**

Defendants admit that Plaintiffs have made a demand for payment, but deny the remaining allegations contained in paragraph XIV of the Complaint.

1

## XV.

2     Plaintiffs are the intended third-party beneficiaries of the Agreement, but Trust Fund

3     contribution delinquencies are excluded from the arbitration provisions of the Agreement.

4     **RESPONSE TO COMPLAINT ¶ XV:**

5     Defendants admit that Plaintiffs are the intended third-party beneficiaries of the collective

6     bargaining agreement, but deny the remaining allegations contained in paragraph IX of the

7     Complaint.

8

## XVI.

9     Plaintiffs have complied with all conditions on their part to be performed under the terms of

10     the applicable agreements.

11     **RESPONSE TO COMPLAINT ¶ XVI:**

12     Defendants deny the allegations contained in paragraph XVI of the Complaint.

13

## XVII.

14     Plaintiffs are entitled to reasonable attorneys' fees, interest, and other reasonable expenses

15     incurred in connection with this matter due to Defendant's failure and refusal to pay all fringe benefit

16     contributions due and owing pursuant to the terms of the applicable Labor Agreements, Trust

17     Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

18     **RESPONSE TO COMPLAINT ¶ XVII:**

19     Defendants deny the allegations contained in paragraph XVII of the Complaint.

20

21

## XVIII.

22     **THIRD CLAIM FOR RELIEF**
**(ACTUAL DAMAGES FOR BREACH OF CONTRACT)**

23

24     Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

25     **RESPONSE TO COMPLAINT ¶ XVIII:**

26     Defendants reiterate and incorporate by reference their responses to paragraphs I through

27     XVIII of the Complaint as if fully set forth herein.

28

-7-

**ANSWER AND DEFENSES TO COMPLAINT**
**CASE NO. 3:08-CV-02557-WHA**

11070891.1

**XIX.**

Defendants have failed, neglected and refused to make timely fringe benefit contributions as required by the applicable Collective Bargaining Agreements and Trust Agreements, and has caused Plaintiffs actual damages in an amount to be proven at trial.

**RESPONSE TO COMPLAINT ¶ XIX:**

Defendants deny the allegations contained in paragraph XIX of the Complaint.

**XX.**

**FOURTH CLAIM FOR RELIEF**
**(DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)**

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

**RESPONSE TO COMPLAINT ¶ XX:**

Defendants reiterate and incorporate by reference their responses to paragraphs I through XX of the Complaint as if fully set forth herein.

**XXI.**

Defendants have failed, neglected or refused to make timely fringe benefit contributions to the Trust Funds as required by the applicable collective bargaining agreements and Trust Agreements.

**RESPONSE TO COMPLAINT ¶ XXI:**

Defendants deny the allegations contained in paragraph XXI of the Complaint.

**XXII.**

Defendants' neglect or refusal to make timely fringe benefit contributions and reports pursuant to the terms of the above-mentioned Agreements constitutes a violation of ERISA section 515 (29 U.S.C. § 1145).

**RESPONSE TO COMPLAINT ¶ XXII:**

Defendants deny the allegations contained in paragraph XXII of the Complaint.

ANSWER AND DEFENSES TO COMPLAINT
CASE NO. 3:08-CV-02557-WHA

11070891.1

### XXIII.

Defendants, in agreeing to the terms and conditions of the aforementioned Trust Agreements, assumed a fiduciary duty to Plaintiffs, which required Defendants to submit timely and accurate reports of hours worked or amounts due, together with payments to Trust Funds. Defendants exercised control over any contributions due, which are assets of Trust Funds, and Defendants were a fiduciary as defined by ERISA section 3(21) (29 U.S.C. § 1002(21).

**RESPONSE TO COMPLAINT ¶ XXIII:**

Defendants deny the allegations contained in paragraph XXIII of the Complaint.

### XXIV.

The actions of Defendants complained of herein constitute a violation of fiduciary duties as defined by ERISA, 29 U.S.C. §§ 1001, *et seq*.

**RESPONSE TO COMPLAINT ¶ XXIV:**

Defendants deny the allegations contained in paragraph XXIV of the Complaint.

### XXV.

Unless enjoined by this Court, Defendants will continue to fail, neglect, or refuse to remit appropriate fringe benefit contributions to the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

**RESPONSE TO COMPLAINT ¶ XXV:**

Defendants deny the allegations contained in paragraph XXV of the Complaint.

### XXVI.

### FIFTH CLAIM FOR RELIEF
### (AUDIT)

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

**RESPONSE TO COMPLAINT ¶ XXVI:**

Defendants reiterate and incorporate by reference their responses to paragraphs I through XXVI of the Complaint as if fully set forth herein.

-9-

**ANSWER AND DEFENSES TO COMPLAINT
CASE NO. 3:08-CV-02557-WHA**

11070891.1

1

2                                    **XXVII.**

3          Plaintiffs believe that additional amounts may be due and owing and also pray for an audit to

4    determine same.

5          **RESPONSE TO COMPLAINT ¶ XXVII:**

6          Defendants deny the allegations contained in paragraph XXVII of the Complaint, and deny

7    that Plaintiffs are entitled to the relief they seek.

8

9          **WHEREFORE**, Plaintiffs pray judgment against Clifford Gregory Escobar, Individually;

10   Clifford Gregory Escobar, Individually and doing business as Escobar & Escobar Concrete

11   Construction; Catherine Joy Escobar, Individually; Catherine Joy Escobar, Individually and doing

12   business as Escobar & Escobar Concrete Construction; and Escobar & Escobar Concrete

13   Construction as follows;

14          1.     That Defendants be ordered to pay the amount of $367,310.03 plus interest thereon;

15          2.     That Defendants be ordered to pay liquidated damages in the amount of $137,258.77

16   plus interest thereon;

17          3.     That Defendants be ordered to pay actual damages according to proof;

18          4.     That this Court issue an Order directing and permanently enjoining Defendants to

19   timely submit to Plaintiff Trust Funds, all reports and contributions due and owing by Defendants

20   plus interest, liquidated damages, attorneys' fees, and costs as provided in ERISA sections 502(a)(3)

21   and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2);

22          5.     That this Court Order permanently enjoining Defendants for so long as it remains

23   obligated to contribute to the Trust Funds, from failing, neglecting, or refusing to timely submit

24   required monthly contributions reports and payments as required by the terms of the collective

25   bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2) (29 U.S.C.

26   § 1132(a)(3), (g)(2));

27          6.     That Defendants be ordered to pay attorney's fees;

28
                                                    -10-
     **ANSWER AND DEFENSES TO COMPLAINT**
     **CASE NO. 3:08-CV-02557-WHA**                                              11070891.1

7. That Defendants be ordered to pay costs of suit herein;

8. That Defendants be ordered to submit to an audit between Plaintiffs and Defendants;

9. That the Court grant such further relief as this Court deems just and proper; and

10. That this Court retain jurisdiction of this matter to enforce the Order compelling an Audit and payment of all amounts found due and owing.

**Response to Prayer for Relief:**

Defendants deny that Plaintiffs are entitled to any of the relief they seek.

**AFFIRMATIVE AND OTHER DEFENSES**

Without admitting any of the allegations in the Complaint, Defendants allege the following separate affirmative and other defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. At the relevant periods of time referenced in the Complaint, there was no agreement between the Union and any defendant.

3. Upon information and belief, the payroll audit(s) upon which plaintiffs' claims are based were and/or are deficient, inaccurate, not reasonably conducted, not sufficient for the purposes asserted, were not performed in accordance with generally accepted accounting principles, and were otherwise improper and conducted in bad faith and in an effort to expand coverage beyond the class defined in the parties' collective bargaining agreement and/or the jurisdiction of the plaintiffs and the Union.

4. All or part of each of Plaintiff's claims for relief is barred by the relevant statutes of limitations.

5. This action is barred by the equitable doctrines of laches and estoppel.

6. Each of Plaintiffs' claims for relief is barred because Plaintiffs have waived their right to recover, if any.

7. This action is preempted, in whole or in part, by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

-11-

ANSWER AND DEFENSES TO COMPLAINT
CASE NO. 3:08-CV-02557-WHA

11070891.1

1    8.    This action is preempted, in whole or in part, by the National Labor Relations Act, as

2  amended, 29 U.S.C. §§ 151 *et seq.*

3    Defendants reserve the right to allege other affirmative defenses or general defenses as they

4  may become known in the course of discovery.

5    **WHEREFORE,** Defendants pray that nothing be taken by reason of the Complaint, that

6  judgment be entered in favor of Defendants, and that Defendants be awarded their costs of suit,

7  including reasonable attorney's fees, and such other relief as the Court may deem proper.

8

9

10  DATED:    7-23-08                    Respectfully submitted,

11                                       NIXON PEABODY LLP

12

13                                       By:

14                                       ROBERT K. CARROL
                                         JOSHUA M. HENDERSON
15                                       Attorneys for Defendants
                                         CLIFFORD GREGORY ESCOBAR,
16                                       CATHERINE JOY ESCOBAR, and
                                         ESCOBAR & ESCOBAR CONCRETE
17                                       CONSTRUCTION

18

19

20

21

22

23

24

25

26

27

28

-12-